## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**WILFRED SMITH (#120783)**                                               **CIVIL ACTION**

**VERSUS**

**DOCTOR LAVESPERE, ET AL.**                                     **NO. 13-0377-BAJ-RLB**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 14, 2014.

                                                            **RICHARD L. BOURGEOIS, JR.**
                                                            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILFRED SMITH (#120783)**                                                         **CIVIL ACTION**

**VERSUS**

**DOCTOR LAVESPERE, ET AL.**                                        **NO. 13-0377-BAJ-RLB**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion for Summary Judgment (Rec. Doc. 12). This Motion is not opposed.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Randy Lavespere, Warden Burl Cain and the Louisiana Department of Public Safety and Corrections, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs, specifically by failing to provide appropriate treatment and/or surgical intervention for his recurring complaints regarding hemorrhoids.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's pertinent Administrative Remedy Proceedings, and the affidavit of Rhonda Z. Weldon.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify

those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that since 1988, he has suffered with hemorrhoids which periodically flare up, for which condition he has been provided with treatment in the form of rectal suppositories, laxatives, fiber supplements and analgesic ointments. He complains, however, that "each time" he has suffered a recurrence, he has been "given the exact same medication," which he asserts does not cure the problem. In 1995, he was allegedly seen and

treated by a Dr. Barnes at LSP (not named as a defendant herein), who advised the plaintiff that the plaintiff's condition was not serious enough to warrant surgical removal of the hemorrhoids. Since then, the plaintiff's has requested surgical intervention for his hemorrhoids, but his requests have been denied. Instead, he has been provided only with "Metamucil, rectal suppositories and Dibucaine Ointment" as treatment for the recurrences of his condition. Finally, in March, 2013, the plaintiff was seen by defendant Randy Lavespere who allegedly informed the plaintiff that the plaintiff "could only receive the medical treatment the State has relegated," and that "the Prison is not going to surgically remove [the] hemorrhoids." The plaintiff asserts that this constitutes deliberate indifference to his serious medical needs, and he prays (1) for monetary damages as a result of the defendants' alleged wrongful conduct, and (2) for the Court to "order the defendants to provide ... the kind of medical attention that would cure [his] hemorrhoids."

In response to the plaintiff's allegations, the defendants first assert that the claims asserted herein against the Louisiana Department of Public Safety and Corrections are barred by the Eleventh Amendment to the United States Constitution. In this regard, the defendants are correct that under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts by her own citizens or by the citizens of other states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, absent consent or waiver, not here present, the State of Louisiana is immune from suit in federal court. This shield of immunity also extends to the Louisiana Department of Public Safety and

Corrections as an arm or agency of the State. *See, e.g., Anderson v. Phelps*, 655 F. Supp. 560, 563-64 (M.D. La. 1985). *See also Lova v. Texas Dept. of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989). Accordingly, this defendant is subject to dismissal as a matter of law.

Similarly, the plaintiff's claim for monetary damages asserted against the remaining defendants in their official capacities is not properly before the Court. Although the plaintiff's Complaint is unclear as to whether he has named the defendants in their official and/or their independent capacities, the Court liberally interprets the plaintiff's *pro se* Complaint as naming the defendants in both capacities. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, § 1983 does not provide a federal forum for a litigant who seeks the recovery of monetary damages against a state official acting in an official capacity because such official is not seen to be a "person" under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity claims and made clear that a claim asserted against a state official in an official capacity for monetary damages is treated as a claim asserted against the State and is therefore barred by the Eleventh Amendment. *Id.* at 25. Accordingly, the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is subject to dismissal. In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains theoretically viable because a claim for monetary damages asserted against a state official in an individual capacity, seeking to impose *personal* liability for actions taken by the official under color of state law, is not treated as a suit against the State. *Id.* In addition, a claim for declaratory and injunctive relief asserted against a state official in an official capacity is not prohibited under the Eleventh Amendment because such a claim is also not seen to be a claim

against the State. *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10; 15 *Am. Jur. 2d Civil Rights* § 101. Thus, there is no jurisdictional bar to the plaintiff's claim for equitable relief asserted against the defendants in their official capacities, and this aspect of the defendants' motion should be rejected.

Turning to a substantive review of the plaintiff's claims asserted against defendants Cain and Lavespere, the defendants next assert that certain of the claims asserted by the plaintiff are barred by the applicable statute of limitations. This assertion appears to have merit. Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 240 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of the defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La., Dec. 1, 2009). However, when the face of a plaintiff's Complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.* In computing the applicable limitations period, the Court is obligated to take into account the time during which any administrative grievances filed by the plaintiff were pending within the prison system. *See Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999) (finding that the pendency of a properly-filed administrative grievance will toll or suspend the running of the one-year limitations period for a prisoner's claim).

In the instant case, the plaintiff filed his federal Complaint on June 13, 2013. Ordinarily, therefore, the plaintiff would be limited to complaining regarding alleged wrongdoing by the defendants occurring during the year preceding that date, or on or after June 13, 2012.

Notwithstanding, the record reflects that during the referenced one-year period, the plaintiff filed an administrative grievance which remained pending for approximately seventy-three (73) days (between March 2 and May 14, 2013). *See* Rec. Doc. 11-1. Accordingly, the one-year limitations period is extended by that period of time, and the Court concludes that the plaintiff may complain herein regarding events occurring on or after April 1, 2012.

Finally, the defendants next contend that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendants contend that the plaintiff has failed to allege or show the existence of any genuine issue of disputed fact relative to their violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of

material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[1]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that the defendants' motion should be granted. Specifically, the Court finds that the plaintiff has not met his burden in opposing the defendants' motion. In other words, he has not come forward with evidence sufficient to rebut the defendants' evidentiary showing in connection with the plaintiff's claim of alleged deliberate medical indifference.

First, with regard to defendant Burl Cain, the Court finds that the plaintiff has failed to allege sufficient personal involvement on the part of this defendant in the events complained of. In this regard, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant warden is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal, supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat*

---

1. The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

*superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint and other available documentation, it appears that the plaintiff has failed to sufficiently allege or show that the defendant warden has undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights. Specifically, the plaintiff makes no factual allegation whatever relative to Warden Cain and only lists this person as a named defendant in the Caption of the Complaint and in the section thereof designated for identifying the parties to the proceeding. Nor does the plaintiff assert that this defendant has had any personal involvement in the plaintiff's medical care or treatment. Accordingly, in the absence of any allegation regarding the direct involvement of the defendant warden in the events complained of, the plaintiff's claim asserted against this defendant is without legal or factual foundation, and defendant Burl Cain is entitled to judgment as a matter of law in connection with this proceeding.

Finally, the Court concludes that the plaintiff has also failed to overcome the assertion of qualified immunity relative to defendant Randy Lavespere. In this regard, an inmate who seeks to assert a claim regarding inadequate medical care under § 1983 must be able to show that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble, supra*. Nor

do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*. Further, a mere delay in providing treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Applying the foregoing principles, the Court finds that the plaintiff has failed to allege facts or produce evidence which suggest that defendant Lavespere has exhibited deliberate indifference to the plaintiff's serious medical needs. In the first place, the plaintiff has complained only of a single incident involving treatment by defendant Lavespere, and the plaintiff has failed to allege facts suggesting that on that date, the plaintiff exhibited a serious medical need or otherwise presented objective symptomatology which would have alerted the defendant to a "substantial risk of serious harm" that the defendant ignored. Further, with regard to the plaintiff's generalized complaints regarding the medical treatment that he has received for his hemorrhoids, his allegations amount to no more than an assertion that he disagrees with or is

not satisfied with the treatment that medical personnel at LSP have found to be appropriate for his condition. He specifically acknowledges that when his hemorrhoids have flared up and when he has complained, he has been seen by health care professionals at the prison and has been provided with suppositories, analgesic ointments, laxatives and fiber supplements to address his symptoms. In the administrative grievance which he submitted to prison officials prior to the filing of this proceeding, he implicitly acknowledged that he had received positive results from his past treatments inasmuch as he referred to periodic flare ups or recurrences of his symptoms and referred to his symptoms as being "from the mild to the extreme." *See* Rec. Doc. 11-1 at p. 8. He further acknowledged in the grievance that x-rays were undertaken in 2008 or 2009 and that he was then prescribed a stool softener which he takes four times per day. His grievance also suggested that, although his symptoms have been uncomfortable, they have not been intolerable inasmuch as he conceded that he had waited "several months" before seeking medical care and being referred to Dr. Lavespere in March, 2013. Finally, the defendants note that the plaintiff was provided with a colonoscopy in 2011, which did not indicate the presence of internal or external hemorrhoids, and that the plaintiff is scheduled for another colonoscopy in 2014. In short, there is no showing in the record that defendant Lavespere has refused to treat the plaintiff, ignored his symptoms or complaints, intentionally treated him incorrectly or otherwise engaged in conduct reflecting a wanton disregard for a serious medical need.[2] On the showing made, therefore, the plaintiff has not presented evidence sufficient to meet his burden of

---

2. In fact, defendant Lavespere asserts that the plaintiff actually refused treatment on March 1, 2013, and would not allow the defendant to conduct a physical examination. In addition, the Court notes that copies of the plaintiff's medical records, which are attached to the plaintiff's administrative record, do not reflect any complaints made by the plaintiff relative to hemorrhoids during the year preceding his sick call complaint of February 24, 2013, which complaint led to his consultation with Dr. Lavespere on March 1, 2013. *See* Rec. Doc. 12-3.

proof and rebut the defendants' assertion of qualified immunity and show the existence of a genuine disputed fact regarding whether defendant Lavespere has been deliberately indifferent to the plaintiff's serious medical needs, either on the date referred to in the Complaint or on any other occasion. *See Fonseca v. Kuykendall*, 34 Fed. Appx. 152 (5th Cir. 2002) (dismissing an inmate's appeal as frivolous where the inmate complained of a failure to provide a surgical consult for hemorrhoid complaints); *Anderson v. Epps*, 2006 WL 1050529, *2 (N. D. Miss. April 19, 2006) (dismissing an inmate's claim regarding alleged inadequate medical treatment for hemorrhoids because, in response to his complaints, the inmate had been provided with a stool softener, medication for stomach pains and cream to relieve pain and swelling: "Although the plaintiff might prefer a surgical solution to his hemorrhoids, that disagreement with the treatment provided does not state constitutional claim").

Finally, in the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v.*

*Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendants' Motion for Summary Judgment or to the documentary evidence produced in support thereof. Other than the conclusory allegations of the plaintiff's Complaint, unsworn and unsupported by corroborating evidence, there is nothing before the Court which tends to support his assertion that he has been subjected to deliberate medical indifference. What is before the Court for consideration is the plaintiff's acknowledgment that, whenever he has complained regarding the recurrence of his hemorrhoids, he has been seen by medical personnel at LSP and provided with medication and treatment deemed appropriate to ameliorate his symptoms. Accordingly, based upon the foregoing and upon the plaintiff's failure in this case to oppose the defendants' Motion for Summary Judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendants' Motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment (Rec. Doc. 12) be granted, dismissing the plaintiff's claims asserted against the defendants, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on July 14, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE**