UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILFRED SMITH (#120783) | CIVIL ACTION |
| VERSUS | |
| DOCTOR LAVESPERE, ET AL. | NO.: 13-00377-BAJ-RLB |

## RULING AND ORDER

On July 14, 2014, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that the Defendants' Motion for Summary Judgment (Doc. 12) be granted, dismissing Plaintiff Wilfred Smith's claims asserted against the Defendants, with prejudice, and Plaintiff's action be dismissed.[1] (Doc. 15.) Plaintiff asserts that the Defendants violated his constitutional rights by failing to provide appropriate treatment for his hemorrhoid condition.

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the

---

[1] The record reflects that the Defendants presented a Motion for Partial Summary Judgment for consideration by the Court. (Doc. 12.) However, the Magistrate Judge's Report and Recommendation characterizes the motion as a Motion for Summary Judgment. After a review of the pleadings, the Court agrees with the characterization of the Magistrate Judge, as the Defendants clearly ask for dismissal of all claims asserted against them. As such, for purposes of this ruling, the Court will refer to the motion as a Motion for Summary Judgment.

proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 15, at 1.) A review of the record indicates that Plaintiff filed a timely objection to the Magistrate Judge's Report and Recommendation on July 23, 2014 (Doc. 16) and an untimely objection to the Report and Recommendation on August 11, 2014.[2] (Doc. 18.)

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation.[3]

Accordingly,

---

[2] Plaintiff was notified by the Magistrate Judge that any written objections should be filed within fourteen (14) days after service of the Report and Recommendation. (Doc. 15, at 1.) Here, Plaintiff's objections were due by July 31, 2014. The record reflects that only Plaintiff's first objection was properly submitted to the Court before July 31, 2014. As such, Plaintiff's second objection is untimely and will not be considered by the Court.

[3] Plaintiff's timely objection primarily asserts that he has no knowledge of the time delays required for a response to motions, and that he failed to respond to the Defendants' Motion for Summary Judgment because he thought the Court would inform him in writing of his obligation to file any timely documents in opposition. (Doc. 16, at 1.) Plaintiff also asserts that any dismissal with prejudice as a result of his failure to timely respond to the Motion for Summary Judgment is only because of the Court's failure to notify him of time delays, and that he even tried to inquire about the status of his case through the Clerk of Court. (Id.) Regardless, Plaintiff asserts that, as a pro se Plaintiff who acted in good faith, the Court should consider reversing dismissal of his case. (Id. at 2.)

The Court adopts the findings of fact and conclusions of law reached by the Magistrate Judge. To the extent that Plaintiff claims he missed the deadline to file a response to the Motion for Summary Judgment because the Court failed to notify him, the Court finds that this assertion lacks merit. While the Court recognizes that pleadings are to be liberally construed in favor of pro se litigants, there is no right to legal advice from the Court. Similarly, the Court is under no obligation to inform a plaintiff when pleadings are due, and parties are individually responsible for complying with all deadlines of the Court. Moreover, even if Plaintiff was unsure about when his pleadings were due, he did not attempt to file even a late response to the Motion for Summary Judgment in an effort to exercise due diligence in the prosecution of his case.

Regardless, Plaintiff has failed to address the precepts of law cited by the Magistrate Judge in the Report and Recommendation, and he has not cited any additional facts that would require reconsideration of the Court's decision. Specifically, Plaintiff has failed to establish that the Defendants' actions amounted to deliberate indifference of his medical needs or that he has been deprived of any constitutional protections afforded to prisoners in need of medical care. As such, the Court adopts the Magistrate Judge's conclusion that Plaintiff failed to state a claim upon which relief may be granted.

IT IS ORDERED that the **Magistrate Judge's Report** (Doc. 15) is ADOPTED as the Court's opinion herein.

IT IS FURTHER ORDERED that the Defendants' **Motion for Summary Judgment** (Doc. 12) is GRANTED.

IT IS FURTHER ORDERED that the above captioned matter is DISMISSED, with **prejudice**.

Baton Rouge, Louisiana, this 15th day of August, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA