UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILFRED SMITH CIVIL ACTION

VERSUS

DOCTOR LAVESPERE, ET AL. NO.: 13-00377-BAJ-RLB

## RULING AND ORDER

Before the Court are Plaintiff's **Motion for Relief from Judgment (Doc. 21)** and **Motion to Review (Doc. 25)**, filed by Wilfred Smith ("Plaintiff"), seeking an order from this Court relieving him from judgment pursuant to Federal Rule of Civil Procedure 60(b). Defendants Dr. Randy Lavespere, Burl Cain, and the Louisiana Department of Public Safety and Corrections (collectively, "Defendants") oppose the Motion for Relief. (Doc. 22). For the reasons set forth below, Plaintiff's motions are **DENIED**.

At the outset, the Court notes that Plaintiff seeks relief from this Court's Ruling (Doc. 19) adopting a Magistrate Judge's Report and Recommendation (Doc. 15) which addressed the merits of an unopposed Motion for Summary Judgment (Doc. 12). The Motion for Summary Judgment (Doc. 12) was filed on November 14, 2013, and the Magistrate Judge's report was not issued until July 14, 2014 – a full eight months later. In accordance with procedure, the Magistrate Judge's Report specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the

date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 15 at p. 1). Plaintiff mailed his objections, which were received by the Clerk of Court on July 24, 2014. (Doc. 17). In accordance with Clerk of Court procedure, Plaintiff's objections were returned for failure to submit them through the e-file system at Louisiana State Penitentiary ("LSP"). (*Id.*). Plaintiff then resubmitted his objections via the e-file system on August 11, 2014, along with a cover letter explaining the mixup regarding the objections that were mailed via the United States Postal Service. (Doc. 18-1 at p. 1). However, at that point, his objections were considered untimely, and were not considered by this Court in its August 15, 2014 Ruling. (Doc. 19 at p. 2 n.2).

Both Plaintiff's Motion for Relief from Judgment and his Motion to Review detail the circumstances surrounding the untimeliness of his objections to the Magistrate Judge's Report. (Doc 21 at p. 1-4; Doc. 25 at p. 1-2). Although the Court is under no obligation to review Plaintiff's untimely objections, the Court chose to address their merit here, in light of the instant motion.

In his objections, Plaintiff highlights his inexperience and lack of expertise with the federal court process. (*See* Doc. 18 at pp. 1, 5). He states that during his twenty-six (26) years at LSP, he never filed a civil action in federal court. (*Id.* at p. 1). As a result, he was unaware that he would be required to oppose Defendants' motion for summary judgment without notification from the Court, and "failed – in good faith" to file an opposition as a result. (*Id.*). While the Court is sympathetic to the inexperience of *pro se* litigants, such litigants are not excused from complying with the Federal

Rules of Civil Procedure in the same manner as licensed attorneys. *See Lambert v. United States*, 44 F.3d 296, 299 (5th Cir.1995) (holding that "simple inadvertence . . . or ignorance of the rules usually does not suffice"); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing").

Plaintiff also implores this Court to reverse the Magistrate Judge's Report, and afford him the "benefit of the doubt in this matter." (*Id.* at p. 5). Plaintiff then avers that his Complaint alleges a genuine unaddressed medical need, and affirms that it was not filed in an attempt to "waste his own or the Court's time." (*Id.* at p. 6). To be clear, the Court does not doubt Plaintiff's intentions. To the contrary, the Court takes his allegations of deliberate indifference extremely seriously. However, the Court is governed by both the law and the Federal Rules of Civil Procedure. With respect to Plaintiff's objections, he has simply failed to raise any genuine dispute of material fact that warrants reversal of this Court's prior decision. His objections fail to address the precepts of law cited by the Magistrate Judge in his Report, and fail to offer any additional facts that would warrant reconsideration of the Court's decision. In short, Plaintiff has failed to establish that the Defendants' actions amounted to deliberate indifference of his medical needs as that claim is defined in this circuit; and he failed to demonstrate that he has been deprived of any constitutional protections afforded to prisoners in need of medical care.[1]

---

[1] Plaintiff's failure to make sick calls cannot be excused because of his belief that making such a request would be futile in light of the "laissez faire" attitude of the correctional staff, nor is the fact that

Considering the objections in light of this Court's prior Ruling, and the Magistrate Judge's Report, the Court finds Plaintiff's objections to be without merit.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Relief from Judgment (Doc. 21)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Review (Doc. 25)** is **DENIED.**

Baton Rouge, Louisiana, this 10th day of March, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

he perceives his treatment to be ineffective. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (requiring that a complaint allege more than mere negligence in diagnosis or treatment). Moreover, it is worth noting that this is not a case where doctors advised that surgery was warranted, but then the surgery was never performed. To the contrary, Plaintiff was told that his condition was not serious enough to warrant surgical removal. (*See* Doc. 15 at p. 4). Plaintiff has not put forth any evidence to contradict that medical opinion, and thus has failed to show that appropriate medical care has been denied and that such denial amounts to "deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.